## TRAPPEY et al. v. McILHENNY CO.

(Circuit Court of Appeals, Fifth Circuit. March 2, 1926.)

No. 4712.

**1. Appeal and error ⬠1185—Decree modified on appeal, but not as to accounting, held conclusive of right of complainant to accounting.**

Where the decree in a suit for infringement of trade-mark ordered a reference for accounting by defendants for profits and damages, a modification of the decree on appeal, without modifying such provision, leaves it effective and conclusive of the rights of the parties on the issue of an accounting.

**2. Trade-marks and trade-names and unfair competition ⬠98—Accounting for infringement properly ordered from filing of bill.**

Accounting by infringers of a trade-mark *held* correctly directed from the date of filing of the bill which demanded accounting, and not from date of decree.

**3. Trade-marks and trade-names and unfair competition ⬠93(3)—Measure of proof to establish profits made by infringer diminished when books not properly kept.**

Where infringers purposely so kept their books as not to show profits made, the measure of proof of profits required from complainant should be substantially diminished.

**4. Trade-marks and trade-names and unfair competition ⬠98—Determination of profits of infringer may be based on evidence of cost to complainant of similar article under similar circumstances.**

Where the actual cost of the manufacture and sale of an infringing product cannot be shown because of the manner in which infringers' books are kept, the cost to complainant of the manufacture and sale of a similar product may be taken as a basis for computation of profits, when both parties operated under similar circumstances as to time, place and conditions.

**5. Trade-marks and trade-names and unfair competition ⊛98—Where profits cannot be allocated, complainant not required to allocate them.**

Where it is impossible to determine the effect of an infringed trade-mark on the profits of the infringer, complainant is not required to allocate the profits.

**6. Trade-marks and trade-names and unfair competition ⊛98—Interest on profits recovered from infringer held allowable from date of decree only when master allowed no profits.**

Complainant *held* entitled to interest on profits awarded against an infringer only from date of decree, where the report of the master allowed no profits, but damages only.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit in equity by the McIlhenny Company against B. F. Trappey and others. From the final decree after accounting, defendants appeal. Modified and affirmed.

William L. Symons, of Washington, D. C., and E. Howard McCaleb, of New Orleans, La., for appellants.

Jos. S. Clark, of Philadelphia, Pa., Philip S. Gidiere, of New Orleans, La., and Edward S. Rogers, of Chicago, Ill., for appellee.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is an appeal from a final decree of the District Court in an action in equity for the infringement of a trade-mark, instituted by the appellee against the appellants. The case was here on appeal from a former decree of the District Court, which held the appellants to be infringers of appellee's trade-mark "Tabasco," when applied to its sauce, and the decree of the District Court was by this court modified in respect to the language of the injunction, and, as so modified, was affirmed. Trappey v. McIlhenny, 281 F. 23. The injunction, as modified by the court, restrained the appellants from using the word "Tabasco" as the name of the sauce manufactured by them, or in any manner to designate or describe said sauce, or from using the word "Tabasco" otherwise than to state that the sauce manufactured by appellants was made from Tabasco peppers.

[1] The decree of the District Court, which was affirmed, as modified by this court, contained the provision "that the defendants and each of them account to the plaintiff for any and all profits derived by them, or any or either of them, and to pay the plaintiff

such damages as it may have sustained by reason of the infringement by defendants of plaintiff's said trade-mark and the use of the word "Tabasco" by defendants, or any of them, in connection with sauce of their or any of their manufacture and the sale by defendants of such sauce," and referring the cause to a master to take and state an account of profits and damages. The affirmance of the decree containing this provision, with no modification of the provision by this court, concluded the rights of the parties upon the issue of an accounting, and left only the amount of profits and damages for future contention. If this court had been of the opinion that the modification of the injunction upon the former appeal had required a modification of the provision for an accounting, it would have then so adjudged.

The objections of appellants to an accounting on the return of the cause to the District Court are foreclosed by the former decree of the District Court, first appealed from, and the affirmance of it, unmodified so far as the right to an accounting was concerned, by this court. The only open question is the correctness of the amount of the present decree against appellants, which was $5,073.30. On the return of the case to the District Court, the District Judge referred the case under the original decree to the master, named in it, who reported an award of damages in the amount of $23,318.80, but no profits. On the hearing of exceptions to the master's report, the District Judge reduced the award to $5,073.30, which he allowed the appellees as profits, awarding them no damages. The final decree from which this appeal has been taken was in that amount.

[2] The only question now for decision is whether there was evidence before the District Judge sufficient to justify his finding of profits made by the appellants during the period of accounting. The burden was on the appellee to establish the amount of appellants' profits. The period of accounting was limited by the District Judge to commence from the date of the filing of the bill, which was October 1, 1919. Appellants contend that the period of accounting should not have antedated the final decree, which was entered September 10, 1925. The laches of the appellee was sufficient ground for postponing the accounting until the filing of the bill. The bill claimed an accounting for damages and profits, and was notice to appellants that a continuation of the infringement would entail a liability to account, and constituted a demand for an accounting, at least, from that date. The District Judge

correctly determined that the period for the accounting should commence from the filing of the bill.

[3] It is urged by appellants that there was no evidence upon which the District Judge could have arrived at appellants' profits during the period of the accounting and that the burden was not sustained by appellee. The books of account of appellants were required to be and were produced in court, for the inspection of the court and of appellee. They were, however, found to be in such unsatisfactory condition by the District Judge that they proved to be of no value upon the issue of profits, and contained evidence of a purpose on the part of appellants to make it untruly appear that no profits had been realized by appellants over the period of accounting. In view of this state of the record, the quantity of evidence required to sustain the burden resting upon appellee should be substantially diminished. Appellee had no source of proof, other than the testimony and the books of its adversaries, and if, by their acts, it was deprived of this source, the law will not be exacting as to the quantum of proof demanded. The number of cases of appellants' sauce sold with the infringing mark after the filing of the bill was ascertained to have been 1,879, each containing six dozen bottles. The average price obtained by the appellants for the 1,879 cases was found to have been $2.52 a dozen bottles. These two factors were fixed with certainty from the evidence. A question as to whether the average price was net or included trade discounts was properly resolved by the District Judge. His determination was that the trade discounts had already been deducted, in view of appellants' list price of $3.

[4] The remaining factor necessary to the computation was the element of cost incurred by appellants in making and selling the 1,879 cases. The District Judge adopted the method of using the cost, which the evidence showed was that incurred by appellee during the period of accounting. Complaint is made by appellants of this method as unwarranted, citing the case of Keystone Mfg. Co. v. Adams, 151 U. S. 139, 14 S. Ct. 295, 38 L. Ed. 103. There can be no doubt that the adoption of such a method, unaccompanied by evidence from which the court could reasonably infer that the cost of the infringer was approximately the same, or no greater than that of the others used as standards, would be unwarranted. If, however, there is evidence that the standards employed by the court operated under substantially similar circumstances, as did the one in question, as to time, place and conditions of manufacture, and market, we think, especially in the absence of direct proof of cost, due to the fault of the infringers, the court may draw the inference that the cost of the infringer was substantially the same, or no greater than, the cost of the standards employed.

[5] We think the evidence in this record discloses such identity or similarity of conditions of manufacture and distribution between appellants and appellee, during the period of accounting, as fully justified the District Judge in applying the cost of appellee as that of the appellants in computing the profits obtained by appellants. Using appellants' cost of $2.07 for making and selling the sauce, there resulted a profit to appellants of 45 cents a dozen bottles, or upon the entire 1,879 cases, of six dozen bottles each, the sum of $5,073.30, which was the amount of the decree. There being no possible way of allocating the effect of the infringed trade-mark upon the distribution of profits, there was no burden on the appellee to make such allocation. Hamilton-Brown Shoe Co. v. Wolf Bros., 240 U. S. 251–260, 36 S. Ct. 269, 60 L. Ed. 629.

[6] The remaining question is from what date the award of profits should begin to bear interest. The decree of the District Court fixed the date of the master's report—December 27, 1923—as being the first ascertainment of the damages. If the District Court had allowed damages in its decree, interest would have properly begun to run from the date of the master's report. However, the allowance of the District Court was of profits, and not of damages, and there was no liquidation of the amount of profits, until the District Judge rendered his final decree, which was on September 10, 1925. We think the accrual of interest should have dated from the date of the final decree, rather than from the filing of the master's report.

The decree is modified in this respect alone, and, as so modified, is affirmed.